## Abstract of the Decision.

1. DAMAGES, § 116*—*when damages not so excessive as to warrant reversal to determine permanency of nervous injury.* An award of $2,500 damages in an action against a city for personal injuries, *held* not so excessive as to require a reversal in order to give the defendant sufficient time to determine whether an injury to the plaintiff's nervous system was permanent, where her right to recover did not rest upon the question whether she was suffering from traumatic neurosis.

2. EVIDENCE, § 424*—*when opinion evidence that injury caused existing physical condition admissible.* A physician may testify, in an action for personal injuries, that the plaintiff's condition, as detailed to the witness, indicated that it was the result of some injury.

---

## Jeremiah Odum, Administrator, Appellee, v. Corn Products Refining Company, Appellant.

### (Not to be reported in full.)

Appeal from the City Court of Granite City; the Hon. JAMES E. DUNNEGAN, Judge, presiding. Heard in this court at the October term, 1914. Reversed and remanded. Opinion filed May 1, 1915.

## Statement of the Case.

Action by Jeremiah Odum as administrator of the estate of Samuel Batson, deceased, against the Corn Products Refining Company to recover damages for the benefit of the next of kin of the intestate, who received injuries resulting in his death while in the employ of the defendant. There was a verdict and judgment in favor of the plaintiff for $5,000, from which the defendant appeals.

The facts are fully shown in the opinion filed on a former appeal. (173 Ill. App. 348.)

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Defendant was engaged in extracting syrup from corn, and in preparing the remaining grain for food purposes. A large building, called the mill house, containing a grinding machine or mill, was used, and one hundred or one hundred and fifty feet from the mill was a six story brick elevator. Adjoining the mill house was a fan or cake house containing a large fan, from the top of which an eighteen inch pipe extended to the sixth story of the elevator. When the ground grain had passed through the mill it was conveyed by means of fans through this pipe to the sixth story of the elevator and dropped into a hopper, from whence it was afterwards taken, sacked and prepared for market.

There was an explosion in the sixth story of the elevator which tore off that story of the building and threw part of the wall upon Samuel Batson, the foreman of the elevator, and fatally injured him.

The evidence was substantially the same as that at the former trial, excepting that a witness for the plaintiff was permitted to give his opinion, as an expert, as to what caused the explosion. He testified that he had had experience in general repairing and building machines in different places; that he had worked for the defendant about three years; the first year as a machinist, afterwards as foreman, his duties being to look after repairing of machinery in the buildings. He was asked: "From your experience and observations covering a period of fourteen years, and assuming the facts testified by the witnesses in reference to this explosion are true, what in your judgment caused the explosion, and where did the fire originate that caused it?" To which the witness answered: "Well, I think it originated" in the feed house. The witness did not himself know where the fire originated, but based his testimony upon facts testified to by witnesses, showing the conditions surrounding the explosion.

DAN McGLYNN, for appellant.

THOMAS STALLINGS, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 666*—*when cause of explosion subject of opinion evidence.* That an explosion in a grain elevator was caused by fire originating in an adjoining building and carried to it through a grain conveyer, cannot be shown in an action for the death of an employee, by opinion evidence based on testimony showing the surrounding conditions, since such evidence related to a matter of common knowledge.

2. MASTER AND SERVANT, § 588*—*when doctrine of res ipsa loquitur applicable to injury caused by explosion.* The doctrine of *res ipsa loquitur, held* not applicable to an action for the death of a foreman by the explosion of a grain elevator of which he had charge.

3. MASTER AND SERVANT, § 683*—*when employer liable for death of employee in elevator explosion.* There can be no recovery for the death of a foreman by an explosion in a grain elevator of which he had charge, where it does not appear that the explosion was caused by any negligence of the part of the employer.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.